UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

Case Number: 13-14310-CIV-MARTINEZ-MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HAL W. BROWN, individually, AND d/b/a
PRIMARY CARE OF THE TREASURE
COAST, INC., and PRIMARY CARE OF THE
TREASURE COAST, INC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY FINAL JUDGMENT

THIS CAUSE came before the Court upon Defendants' Motion for Summary Final Judgment. (D.E. No. 47). Therein, Defendants Hal W. Brown ("Brown"), individually, and d/b/a/ Primary Care of the Treasure Coast, Inc., and Primary Care of the Treasure Coast, Inc. ("PCTC") (collectively, "Defendants") move for judgment as a matter of law pursuant to Fed. R. Civ. P. 56(b) as to both claims set forth in Plaintiff United States of America's ("Plaintiff['s]") Amended Complaint (D.E. No. 17) (the "Complaint"). Defendants argue that the pleadings, answers to interrogatories, and other evidence of record, indicate that there is no dispute as to any material fact relating to Plaintiff's claims. For the reasons set forth below, this Court denies Defendants' Motion for Summary Final Judgment.

**I.**    **Factual Background**

Plaintiff brings a two-count Complaint against Defendants for (Count I) retaliation and (Count II) interference with rights, under 42 U.S.C. § 12203(a) and (b) of the Americans With

Disabilities Act of 1990 (the "ADA"), respectively. (D.E. No. 17 at 6-7). The basis of Plaintiff's Complaint stems from a separate action involving two individuals, Susan and James Liese, who asserted their rights under the ADA and 29 U.S.C. § 701, the Rehabilitation Act of 1973 (the "Rehabilitation Act"), against Indian River Medical Center (the "Hospital") and other named defendants. (D.E. No. 17).

Pursuant to Plaintiff's statement of facts, Mrs. Liese is deaf. (D.E. No. 74 at 2). Brown, a physician who practices in Family Medicine, treated Mrs. Liese as a patient at PCTC from at least April 14, 2005 through May 28, 2009. (D.E. No. 47 at 2). On May 28, 2009, Brown discharged Mrs. Liese and her husband as his patients. *Id.* Brown was Mrs. Liese's primary care physician for approximately four years. *Id.* Brown claims that over the course of their doctor-patient relationship, he communicated with Mrs. Liese without needing a sign-language interpreter. *Id.* He further alleges that Mrs. Liese always consented to any procedures he recommended without requiring or requesting a sign-language interpreter. *Id.*

On November 28, 2007, Mrs. Liese contacted PCTC complaining of dizziness and chest pain, and was referred to the emergency room at the Hospital, where Brown has physician privileges. (D.E. No. 74 at 6). The very next day, Mrs. Liese underwent emergency gallbladder surgery at the Hospital. (D.E. No. 74 at 6). The Lieses claim that they requested a sign-language interpreter while at the Hospital, but were not provided with one. (D.E. No. 17 at 3). Brown met with Mrs. Liese the morning prior to her surgery, and claims to have successfully communicated with her without the use of a sign-language interpreter. (D.E. No. 47 at 2). Following her gallbladder surgery, Brown and PCTC continued to treat Mrs. Liese without the use of a sign-language interpreter. (D.E. No. 47 at 2).

On May 8, 2009, the Lieses sent the Hospital a letter complaining that they had been denied an interpreter, or any other effective means of communication, during Mrs. Liese's time at the Hospital in November 2007. (D.E. No. 47 at 3). In pertinent part, the Lieses threatened to sue the Hospital under the ADA and the Rehabilitation Act. (D.E. No. 74 at 1, 3). Counsel for Mrs. Liese requested medical records from Defendants and informed them that she was represented by counsel sometime shortly after May 20, 2009. (D.E. No. 74 at 6). On May 28, 2009, Defendants terminated Mr. and Mrs. Liese as their patients. (D.E. No. 74 at 8). When Mrs. Liese called PCTC to ask why she was terminated as a patient, she was told that it was because Brown was downsizing his practice. (D.E. No. 74 at 8).

Plaintiff contends that Defendants terminated the Lieses as patients in retaliation for their separate lawsuit under the ADA and the Rehabilitation Act against the Hospital. (D.E. No. 17 at 4-5). Defendants maintain that the doctor-patient relationship between Brown and the Lieses was terminated due to mistrust, not retaliation. (D.E. No. 47 at 3). Defendants move for summary judgment on the basis that there is no genuine issue as to any material fact in this matter. (D.E. No. 47). The arguments set forth by Defendants in support of their motion, Plaintiff's responses, and Defendants' replies are addressed in turn herein.

## II.   Legal Standard

Pursuant to Fed. R. Civ. P. 56(a), "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue

of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson*, 477 U.S. at 248; *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248. In addition, when considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party. *Id.* at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment. *See U.S. v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys.*, 941 F.2d 1428, 1438 (11th Cir. 1991). The moving party "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels*, 941 F.2d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)).

By contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex Corp.*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the

moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id.* at 323 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 324. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must cite "to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

### III. Analysis

Defendants raise two arguments in support of their motion for final summary judgment. First, they maintain that Plaintiff fails to establish a *prima facie* case for retaliation because Plaintiff cannot show that the adverse action (i.e., Defendants' termination of the Lieses as patients) was causally related to a protected activity (i.e., the Lieses' lawsuit against the Hospital alleging violations of the ADA and the Rehabilitation Act). (D.E. No. 47 at 13). Second, Defendants submit that even if Plaintiff can establish that a causal connection exists, Plaintiff cannot demonstrate that Brown's justification for his actions – lack of trust in the physician-patient relationship – was, in fact, a pretext for retaliation. *Id.* Each argument is addressed in turn herein.

#### A. Causal Connection and the *Prima Facie* Case for Retaliation

Defendants argue that Plaintiff cannot show a causal connection between the adverse action – the termination of Mr. and Mrs. Liese as patients – and the exercise of a protected activity – the Lieses' lawsuit under the ADA and the Rehabilitation Act against the Hospital. (D.E. No. 47 at 17). In the Complaint, Plaintiff alleges that Brown terminated the Lieses as

-5-

patients because of the Lieses' action against the Hospital. (D.E. No. 17 at ¶ 28 ). Plaintiff further points out that in Defendants' own motion for summary judgment, Defendants admit to having terminated the Lieses on account of how Brown felt about them after he learned of their claims against the Hospital. (D.E. No. 74 at 10). Defendants maintain that Brown terminated the physician-patient relationship with the Lieses because he lacked trust and confidence in the relationship. (D.E. No. 47 at 13).

To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show that the party claiming retaliation (1) engaged in a statutorily protected activity, (2) suffered an adverse action, and (3) the adverse action was causally related to the protected expression. *Ass'n for Disabled Americans, Inc. v. Reinfeld Anderson Family Ltd.*, 975 F.Supp.2d 1285 (S.D. Fla. 2013). Defendants only dispute the third element of this test: whether the adverse action was causally related to the protected expression. The Eleventh Circuit has held that "'[t]o prove a causal connection, we require a Plaintiff only to demonstrate that the protected activity and the adverse action were not wholly unrelated.'" *Reinfeld*, 975 F.Supp.2d at 1292 (quoting *Shotz v. City of Plantation*, 344 F.3d 116, 1180 n. 30 (11th Cir. 2003) (internal quotations omitted)).

Plaintiff submits both direct and circumstantial evidence to establish that the adverse action was causally related to the protected expression. (D.E. No. 74 at 11). As direct evidence that Defendants terminated the Lieses because of their intention to sue the Hospital for allegedly failing to provide effective communication under the ADA, Plaintiff cites to various excerpts from Brown's deposition as well as prior trial testimony. In particular, Plaintiff points to statements made by Brown to a fellow physician at the Hospital, Dr. Perry, wherein he apologized for Mrs. Liese bringing the separate action upon Dr. Perry. (D.E. No. 74-1 at 28, 58).

-6-

In that same conversation, Brown apologized to Dr. Perry for his inconvenience and the stress that Mrs. Liese was going to cause him as a result of the lawsuit. *Id.* at 59. Additionally, Plaintiff cites to a conversation between Brown and the Hospital's attorney in which Brown again apologized for the Lieses' claim, and indicated that it "[W]ouldn't happen again under [his] care because [he] was planning to dismiss [Mrs. Liese] from [his] care." *Id.* at 42. Finally, Plaintiff points to statements Brown made in connection with the trial of *Liese v. Indian River Medical Center*, No. 08-cv-14388 (S.D. Fla.). When Brown was asked why he decided to terminate Mrs. Liese as a patient, as part of his answer, he testified, "'So when I learned of – I got record request forms from attorneys and I learned of the lawsuit, I knew that someone capable of filing a meritless case like this was not trustworthy in my – in my mind, and so I therefore terminated our relationship.'" (D.E. No. 74 at 13) (quoting excerpt from Jan. 31, 2013 trial transcript, Ex. 10, at 491:20-492:18).

Additionally, Plaintiff also references circumstantial evidence to prove the causal connection element of its retaliation claim. (D.E. No. 74 at 14-15). Specifically, Plaintiff points to the temporal proximity between Brown's learning of the Lieses' plan to pursue effective communication claims against the Hospital and Brown terminating the Lieses as his patients. (D.E. No. 74 at 15). Sometime shortly after May 20, 2009, Brown learned that the Lieses intended to sue the Hospital for allegedly failing to provide them with effective communication during Mrs. Liese's 2007 hospitalization. *Id.* at 15 (citing Brown Dep. at 96:20-101:7, 107:17-19; 108:24-109:12). Brown then signed and sent termination letters to Mr. and Mrs. Liese on May 28, 2009. *Id.* (citing Brown Dep. at 116:10-117:6). Plaintiff argues that this temporal proximity, together with Brown's admissions, should lead a reasonable trier of fact to conclude

that there is a causal connection between the Lieses' engaging in protected activity and Defendants' adverse action. *Id.* at 15.

In response, Defendants argue that close temporal proximity alone is insufficient to create a genuine issue of material fact precluding summary judgment. (D.E. No. 47 at 18) (citing *Moore v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 544 F.Supp.2d 1291, 1306 (M.D. Fla. 2008)). While the *Moore* Court did, in fact, indicate that temporal proximity *alone* cannot create a genuine issue of material fact as to the causal connection element of a retaliation claim, it confined its decision to instances "[W]here there is unrebutted evidence that the decision maker did not have knowledge that the employee engaged in protected conduct." *Id.* Additionally, the Court held that "[a] causal connection is *likely* to be found where there is a 'close temporal proximity' between the time an employer learns about protected activity and the adverse employment action." *Id.* (emphasis added). Based on Brown's statements, which indicate to this Court that he was, indeed, aware of the protected activity (i.e., the Lieses' lawsuit), together with the temporal proximity between the adverse action and the Lieses' exercise of the protected activity, a genuine issue of material fact does exist as to whether a causal connection exists between the Lieses' protected activity and Defendants' adverse action. At the very least, Plaintiff has succeeded in demonstrating that the protected activity and the adverse action were not wholly unrelated. *See Reinfeld*, 975 F.Supp.2d at 1292 (citations omitted). Accordingly, summary judgment is inappropriate as to Count I of the Complaint (D.E. No. 17 at 6).

**B.     Pretext for Retaliation**

Defendants' second argument in favor of summary judgement as to Count I emphasizes how "Brown's non-discriminatory, non-retaliatory basis for discharging Mrs. Liese as a patient shifts the burden to the Plaintiff to demonstrate that the basis is a pretext or that it was in

retaliation to the protected expression." (D.E. No. 47 at 16). This argument stems from the familiar burden shifting analysis of Title VII employment retaliation claims, which the courts of this circuit have routinely applied to ADA claims. *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 293 F.3d 1199 (11th Cir. 2011). Under this framework, the plaintiff has the initial burden of establishing a *prima facie* case of retaliation. *Id.*; *see also De la Cruz v. Children's Trust of Miami-Dade Cty.*, 824 F.Supp.2d 1273 (S.D. Fla. 2012). If a plaintiff succeeds in establishing a *prima facie* case of retaliation, the burden then shifts to the defendant to show "a legitimate, nondiscriminatory reason for the adverse action." *De la Cruz*, 824 F.Supp.2d at 1281. Upon offering such a reason for the adverse action "the burden shifts back to the plaintiff to demonstrate that the . . . alleged nondiscriminatory reason was pretext for retaliation." *Id.* (citations omitted). To establish pretext, a plaintiff need not definitively prove anything. Rather, a plaintiff must only "present evidence 'sufficient to permit a reasonable fact finder to conclude that the reasons given [by the defendant] . . . were not the real reasons'" behind the adverse action. *Id.* (citations omitted).

Although Defendants point to Brown's distrust of the Lieses as the non-retaliatory basis for his termination of their doctor-patient relationship, Plaintiff maintains that this reason is, indeed, pretextual. Once again citing to the temporal proximity between Brown's learning of the Lieses' lawsuit and his termination of the Lieses as patients, as well as Brown's comments to his colleagues and the Hospital's attorney, Plaintiff insists that the mistrust excuse is, in fact, a pretext for retaliation. (D.E. No. 74 at 17). In response, Defendants cite to *Reinfeld*. (D.E. No. 47 at 13-14). In *Reinfeld*, the Honorable Judge Marcia G. Cooke of the Southern District of Florida granted the defendants' motion to dismiss on the grounds that the plaintiffs failed to

allege that the termination of the physician-patient relationship was retaliatory, among other reasons. *Id.* at 1292-93. The facts in *Reinfeld* involve a doctor who dismissed a patient from his care after the patient brought an action under the ADA for a medical facility's alleged lack of adequate accommodations for people with disabilities. *Id.* at 1288-89. The plaintiffs brought a three-count complaint against the defendants, including a claim for retaliation, interference and coercion pursuant to the ADA (Count III). *Id.* at 1289. In discussing Count III, the Court noted, as do Defendants herein, that "the physician-patient relationship is based on trust and confidence, and the existence of a lawsuit may create conflict of interests warranting the termination of this relationship." *Reinfeld* at 1293.

While the facts in *Reinfeld* demonstrate how the existence of a lawsuit *may* create a legitimate, non-pretextual conflict of interest warranting termination of a physician-patient relationship, the present case is both factually and procedurally distinguishable. In *Reinfeld*, Judge Cooke granted the defendants' motion to dismiss as to the retaliation claim because the plaintiffs failed to sufficiently "[a]llege that the termination of the physician-patient relationship was retaliatory." *Id.* Besides the temporal proximity of the offending conduct after the filing of the lawsuit, the plaintiffs therein alleged no further facts to support their retaliation claim.

By contrast, in the present case, this Court is ruling on Defendants' motion for summary judgement, which is procedurally distinct from a motion to dismiss. Additionally, as Defendants concede, Plaintiff herein has alleged that the termination was retaliatory. (D.E. No. 47 at 15). The only argument Defendants make as to why this Court should grant summary judgement as to the retaliation claim is that "[t]he allegation is not supported by any facts or evidence, and is nothing more than a conclusion or formulaic recitation of the elements of a cause of action."

-10-

(D.E. No. 47 at 15). This Court disagrees. Between Brown's comments to his colleagues, and the close temporal proximity between the protected activity and the adverse action, a genuine issue of material fact does exist as to whether Defendants' stated reason for terminating the physician-patient relationship with the Lieses was a pretext for retaliation.

### C.   Plaintiff's Interference Claim (Count II)

Defendants minimally address Count II of the Complaint in which Plaintiff alleges that Brown's conduct interfered with Mr. and Mrs. Liese's ADA rights in violation of 42 U.S.C. § 12203(b). (D.E. No. 47 at 16). In all of three sentences, absent any case law, relevant authority, record citation, or analysis, Defendants maintain that the record is devoid of any evidence to show that they in any way interfered with the Lieses' ADA rights. *Id.* Rather, Defendants conclusively claim that the record evidence confirms Brown's allegation that he terminated the Lieses' patient relationship due to issues concerning trust and confidence. *Id.*

Pursuant to Fed. R. Civ. P. 56(a), "The court shall grant summary judgment if the movant *shows* that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). In outlining the procedures that govern summary judgment filings, it is required that

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by . . . (A) *citing to particular parts of
> materials in the record*, . . . ; or (B) showing that the materials
> cited do not establish the absence or presence of a genuine dispute,
> or that an adverse party cannot produce admissible evidence to
> support the fact.

Fed. R. Civ. P. 56(c) (emphasis added). Defendants' minimal argument addressing Count II does not comport with the showing requirement articulated in Fed. R. Civ. P. 56. By failing to support

their assertions with any of the requisite materials, Defendants are unsuccessful in showing that there is no genuine issue of material fact as to Count II of the Complaint. Accordingly, this Court denies Defendants' motion for summary judgment as to Plaintiff's interference claim (Count II).

### IV. Conclusion

Defendants have failed to establish that no genuine issues of material fact exist as to either count in Plaintiff's Complaint. Accordingly, Defendants' Motion for Summary Final Judgment (D.E. No. 47) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of July, 2014.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Matthewman
All Counsel of Record